## Murray *v.* Williams, Burgess, Appellant.

Argued April 20, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Glenn C. Jones,* for appellant.

*Samuel J. Goldstein,* for appellee.

OPINION BY ARNOLD, J., July 23, 1948:

This appeal is from a judgment in mandamus directing the appellant-burgess to issue licenses to the appellee for five pin ball machines on tender of the license fees.

An ordinance of the Borough of Elizabeth provided that: (1) No person shall possess a device for a game known as "pin ball" without procuring a license; (2) an application for license shall be made to the Burgess in writing, and under oath, setting forth: (a) his present and *previous* occupation; (b) the length of his present and his *previous* place of residence; (c) the name of the owner of the premises where the machines are to be used; (d) if such owner is not the applicant, the length of the term of the lease for the premises; (e) whether the applicant is a citizen of the United States. Any person not a citizen of the United States was ineligible for such license. Section IV reads: "No license shall be granted until . . . five (5) days . . . [after] the [written] application . . . [is made], during which time . . . [the Burgess] may, at his discretion, investigate the facts set forth in the application. . . ."

We do not have the benefit of an opinion of the court below, but the appellee seeks to sustain the court's order solely on the ground that the license fee imposed was for revenue only, and that therefore the Burgess had no discretion to refuse the license if the applicant was a citizen of the United States, as admittedly he was.

From this view we differ, and are of the opinion that this licensing ordinance was a police power regulation under § 1202, clause XXVI of The General Borough Act, 53 PS § 13338, whereby a borough was given specific power "To regulate, license, or prohibit . . . amusements . . . at which . . . [a] fee is charged. . . ." See *Stefanich v. Beaver Falls et al.*, 77 Pa. Superior Ct. 125; *Kistler v. Swarthmore Borough*, 134 Pa. Superior Ct. 287, 4 A. 2d 244.

That pin ball machines may be used as gambling devices is well known. Section V of the ordinance rec-

ognized this and stated: "Nothing in this ordinance shall in any way be construed to authorize, license or permit any gambling devices whatsoever. . . ." The purpose of this ordinance was not to gain municipal revenue by the licensing of gambling, but to license such machines in order to prevent gambling. Under Section IV the Burgess was not to issue the license until five days had elapsed, in order that he might "investigate the facts set forth in the application". What facts? Under the appellee's contention no investigation could be of any avail unless confined to citizenship, whereupon the other facts required by the ordinance to be stated under oath would be entirely superfluous. For no other purpose did the ordinance call for both the applicant's present and *past* occupation. For no other reason did it require the length of his present residence and also that of his *preceding* residence. Such requirements were not for the purpose of identifying the location of machines for taxation purposes. They were for the purpose of identifying the *applicant* so that scrutiny could be made of his activities, past and present. The applicant was required to state the term of the lease, so that the future operations could be watched. All the statements were to be made *under oath*. Also, if this was a mere revenue measure, it is difficult to see why a license would be forbidden to one not a citizen of the United States; rather the license would be granted to anyone who was a resident of the borough.

If a license must be issued to anyone who is a citizen of the United States, it would also follow that had this same applicant previously obtained a license for a pin ball machine, and thereafter pleaded guilty to using it for gambling, so that it was confiscated,—the Burgess would be compelled to issue to him a new license so that he might replace the confiscated machine with a new pin ball device. This view cannot be sound, since the ordinance itself declares that gambling devices are not being licensed.

. The duties of the Burgess under the ordinance were not ministerial, but discretionary. A license ought not to be issued by him where, as here, his investigation showed (as the testimony and pleadings aver) that the applicant had previously violated the ordinance, and the machines were used for gambling by the payment of actual money to winners. The Burgess therefore had reasonable ground to believe that the machine sought to be licensed would be used for gambling, which was condemned by the ordinance.

The Burgess had a discretion which cannot be reviewed by mandamus, for the license was a police regulation in the interest of the public morals and safety: *Kaufman Construction Company v. Holcomb et al.*, 357 Pa. 514, 55 A. 2d 534; *Tanenbaum v. D'Ascenzo et al.*, 356 Pa. 260, 51 A. 2d 757.

The judgment of the court below is reversed and here entered for the defendant.