**Bernice and John Phillips, Appellants *v.* Borough of Folcroft, Appellee.**

Argued April 6, 1979, before Judges CRUMLISH, JR., ROGERS and CRAIG, sitting as a panel of three.

*Jon J. Auritt,* for appellants.

*David E. Auerbach,* for appellee.

OPINION BY JUDGE ROGERS, July 6, 1979:

Bernice and John Phillips have appealed from a judgment of sentence imposed by the Court of Common Pleas of Delaware County for violations of an ordinance of the Borough of Folcroft prohibiting the possession of unlicensed mechanical amusement devices. We affirm.

There is no dispute as to the facts. In 1963, Folcroft adopted Ordinance No. 457 which required the licensing of mechanical amusement devices at an annual fee of twenty-five dollars for each device. Ordinance No. 635, adopted January 12, 1976, amended the 1963 ordinance by increasing the annual license fee to $150.00 for each device. The appellants are the owners and operators of The Amusement Center, a business establishment in Folcroft containing twelve leased pinball machines, which are conceded to be mechanical amusement devices within the meaning of Orinance No. 457. The appellants began operating The Amusement Center in March 1976 and have since

refused to apply for licenses and pay the $1,800.00 in annual fees owing on the twelve machines under the amended ordinance. The Folcroft police issued numerous citations to the appellants, and on August 25, 1976, a district justice of the peace found them guilty of twelve offenses of possessing and operating mechanical amusement devices without a license. The appellants appealed the summary convictions to the Court of Common Pleas, which heard the case *de novo* and again found them guilty of violating the ordinance and entered judgment of sentence.

The issue is whether Folcroft's Ordinance No. 457, as amended, is a valid exercise of the Borough's power to regulate activities within the borough.

The appellants first say that Folcroft has failed to show the need for any regulation at all. This argument is without merit. An ordinance falling within the police power of a borough is presumed to be in furtherance of the public health, welfare, safety or morals. *Shomo v. Derry Borough,* 5 Pa. Commonwealth Ct. 216, 289 A.2d 513 (1972). Section 1202 (30) of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46202(30), specifically empowers boroughs "[t]o regulate, license, fix the time of opening and closing, or prohibit theatrical exhibitions, amusements and dances, at which an admission or other fee is charged. . . ." In *Murray v. Williams,* 162 Pa. Superior Ct. 633, 60 A.2d 402 (1948), the Superior Court held that the licensing of pinball machines is included within this power because it is well known that pinball machines may be used as gambling devices. The president of the Folcroft Borough Council testified that gambling was a factor considered by Council in adopting the amended Ordinance. The appellants have failed to overcome the presumption that the ordinances were in furtherance of the public welfare.

The appellants next say that the $150.00 licensing fee is excessive because it is not reasonably related to the cost of regulating pinball machines. A license fee is invalid if it is grossly disproportionate to the municipality's cost of regulating a business. *Warner Bros. Theatres, Inc. v. Pottstown Borough,* 164 Pa. Superior Ct. 91, 63 A.2d 101 (1949). The party challenging a license fee has the burden of proving that it is unreasonable. All doubts must be resolved in favor of the reasonableness of the fee, since the municipality must be given reasonable latitude in anticipating the expense of enforcing the ordinance. *Commonwealth ex rel. Hines v. Winfree,* 408 Pa. 128, 182 A.2d 698 (1962).

In the court below the only evidence on the subject of the unreasonableness of the fee adduced by the appellants was their testimony that no Folcroft officials ever inspected or examined the pinball machines. This argument is premised on the mistaken notion that the purpose of the Folcroft ordinance was only that of regulating the functioning of the pinball machines. As we have noted, this kind of licensing ordinance is designed to regulate activities associated with pinball machines, particularly their use in gaming, as *Murray v. Williams, supra* explains. Therefore, the regulation of business establishments providing the special attraction of pinball machines might reasonably be expected to demand more police attention than other kinds of enterprises. That such attention was paid the appellants' establishment is shown by Mr. Phillips' testimony that the police made regular evening visits to The Amusement Center. Hence, the appellants have not carried their burden of showing that the licensing fees charged were not reasonably related to the cost of enforcing and administering the ordinance.

Judgment of sentence affirmed.

### ORDER

AND Now, this 6th day of July, 1979, the judgment of sentence of the Court of Common Pleas of Delaware County is hereby affirmed.