John W. Hill, Appellant *v.* Borough of Dormont,
a political subdivision, Appellee.

</div>

Argued March 14, 1985, before Judges DOYLE and
PALLADINO and Senior Judge KALISH, sitting as a panel
of three.

*Roger G. Rulong,* with him, *Margaret F. Houston, Houston-Harbaugh,* for appellant.

*Lawrence G. Zurawsky,* for appellee.

OPINION BY JUDGE DOYLE, June 5, 1985:

John W. Hill (Appellant) seeks our review of an order dismissing his exceptions to a decree nisi which was entered by the Court of Common Pleas of Allegheny County dismissing Appellant's complaint in equity in which he demanded that enforcement of section 22.16 of the Dormont Borough Code of Ordinances (Dormont Ordinances) be enjoined and that the same section be ordered rescinded.[1]

Licensing and permit requirements for certain activities which are carried on in Dormont Borough (Borough) are set forth under Article II of Chapter 22 of the Dormont Ordinances. Effective January 5, 1981, subsection 22.16(c) was amended by Ordinance No. 1295 to provide for an annual fee of $75.00 to license a "music box, music machine or music device." Effective December 28, 1981, subsection 22.16(d) was amended by Ordinance No. 1310 to provide for an annual fee of $300.00 to license an "amusement device,

---

[1] The trial court issued an adjudication in which it preliminarily recognized that it had no power to direct the Borough to rescind an ordinance, and stated that it would consider the complaint as a demand that the ordinance be declared unconstitutional.

machine or instrumentality . . . operated by the insertion or tendering of a coin, metal disc or other token, for profit.''

Appellant operates a pizza parlor in the Borough. He maintains one jukebox and one video game on the premises. The parties agree that jukeboxes come within the provisions of section 22.16(c) and that video games come within the provisions of section 22.16(d). They also apparently agree that section 22.16 is within the scope of Section 1202(30) of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended,* 53 P.S. §46202(30), which provides that a borough may "regulate, license, fix the time of opening and closing, or prohibit theatrical exhibitions, amusements and dances, at which an admission or other fee is charged.''

An ordinance falling within the police power of a borough is presumed to be in furtherance of the public health, welfare, safety or morals. *Phillips v. Borough of Folcroft,* 44 Pa. Commonwealth Ct. 83, 403 A.2d 194 (1979). Appellant has not specifically challenged this presumption. He argues, however, that the license fees imposed on his machines are unconstitutional because they are not accompanied by a scheme of regulations for enforcement, and because the costs of enforcement do not justify the amount of the fee.

In support of his first argument, Appellant refers us to E. McQuillin, The Law of Municipal Corporations, §26.16 (3rd ed. 1978), which states:

[A] declared or obvious purpose to regulate, although not controlling or conclusive, tends to establish an exaction as a purely regulatory licensing fee. But an ordinance having no provisions for regulation and imposing an exaction is a tax ordinance designed to raise reve-

nue, especially when the proceeds of the licens-
ing fees are placed in the general revenue fund
or account.

That the purpose of the Dormont Ordinances is to
regulate is obvious by virtue of the fact that they were
specifically enacted under the authority of The Bor-
ough Code. In addition, section 22.6 of the ordinances
does not require premises offering amusements which
are licensed under Article II to be open for inspection
by Borough officers at all reasonable times. We do
not believe that any more specific written scheme of
regulation is required, especially in a case such as this
where the evidence presented to the trial court estab-
lished that special police attention was in fact paid to
these enterprises. See Phillips, 44 Pa. Commonwealth
Ct. at 86, 403 A.2d at 196, wherein a license fee on pin-
ball machines was upheld on the basis that the police
made regular evening visits to the establishment in
question.[2]

The trial court in the case sub judice found that
places in the Borough which maintained video games
were visited regularly by the Borough police. This
finding is adequately supported by the record. Testi-
mony presented by the Borough also supported the
court's findings that substantial extra policing of es-

---

[2] Appellant argues that Phillips is factually distinguishable from
the instant case, because pinball machines differ from video games
and jukeboxes in that pinball machines can be used in gambling. In
the past, the use of pinball machines in gaming has been used as
a justification for regulating activity associated with their use. See
Murray v. Williams, 162 Pa. Superior Ct. 633, 60 A.2d 402 (1948).
In this regard, we note that a video game is just as well equipped
for gambling as is a pinball machine. More importantly, however,
the prevention of gambling is not the only possible justification for
regulating the use of such machines. The fact that there may have
been a different rationale behind the ordinance in the Phillips case
does not make the case distinguishable for purposes of examining
the regulatory scheme employed therein.

tablishments which maintained video games was necessary due to the large number of young people who tended to frequent such establishments. Evidence of criminal activity which had been linked to the machines by the police was presented as well.[3]

Appellant also argues that the cost to the Borough of enforcing section 22.16 does not justify the amount of the fees. A license fee will be found excessive only if it is grossly disproportionate to the municipality's cost of regulating a business. *Phillips; Warner Brothers Theatres, Inc. v. Pottstown Borough,* 164 Pa. Superior Ct. 91, 63 A.2d 101 (1949). The party challenging a license fee has the burden of proving that it is unreasonable. All doubts must be resolved in favor of the reasonableness of the fee, since the municipality must be given reasonable latitude in anticipating the expense of enforcing the ordinance. *Phillips; Commonwealth ex rel. Hines v. Winfree,* 408 Pa. 128, 182 A.2d 698 (1962).

In the case at bar, the trial court found, on the basis of ample evidence presented by the Borough, that the number of video games in the Borough had increased from one in 1979 to sixty-one in 1983, that annual administrative costs related to licensing amounted to $215.42 per license and that costs relating to enforce-

---

[3] We note that most of the Borough's evidence, as well as most of the trial court's findings of fact, related to the use of video games, or to amusement devices in general, rather than specifically to the use of jukeboxes. We also note, however, that the only argument which has been raised by Appellant which would require the Borough to distinguish between the two types of machines is his contention that jukeboxes cannot be used in gambling. This would appear to be true. There is testimony on the record which indicates that a jukebox may constitute a noise nuisance if improperly used, and that this is the reason that the Borough requires such machines to be licensed. In any event, as we have pointed out, it is not the *Borough's* burden to justify the ordinance.

ment had been calculated at $17,977.80 per year for 59 licenses. The court concluded under these facts that the licensing fees were not excessive. We agree.

We will affirm the trial court.

ORDER

Now, June 5, 1985, the decree of the Court of Common Pleas of Allegheny County, dated August 8, 1983, is hereby affirmed.

JUDGE PALLADINO concurs in the result only.