Roberta (Tracy) Stark, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued April 11, 1985, before Judges CRAIG and COLINS and Senior Judge KALISH, sitting as a panel of three.

*Joseph Devaney,* with him, *Kenneth J. Powell, Jr.,* for appellant.

*F. Kirk Adams,* with him, *Peter J. Rohana, Jr.,* for appellee.

OPINION BY JUDGE CRAIG, June 12, 1985:

Roberta Stark appeals an order of the Court of Common Pleas of Delaware County which denied her post-trial motion in arrest of judgment in an action convicting her of a violation of the Township of Ridley solicitation ordinance by failing to obtain the required license for door-to-door sale of goods.

In a trial de novo on appeal from her summary conviction, Stark challenged the reasonableness of the $150 annual fee for the license. We must determine whether Judge DIGGINS correctly concluded that the license fee was reasonable.[1]

In *Armour & Company v. City of Pittsburgh,* 363 Pa. 109, 112-13, 69 A.2d 405, 407 (1949), the Supreme Court characterized a "license fee" as

> one exacted for the purpose of regulating an occupation or privilege which is deemed to be in need of public control, and, ordinarily, it is designed for the sole purpose of reimbursing the sovereign, in whole or in part, for the necessary expense of administering such control; if it exceeded the amount required for that purpose it would become a tax revenue and cease to be a valid license fee.

The party challenging the license fee has the burden of proving that it is not reasonable. *Flynn v.*

---

[1] Ms. Stark raises other constitutional issues which we cannot consider because she did not raise them at the trial court level. Pa. R.A.P. 302.

*Horst,* 356 Pa. 20, 51 A.2d 54 (1947). Municipalities are afforded reasonable latitude in fixing license fees to cover the cost of enforcement, and all doubts should be resolved in favor of the reasonableness of the fee. *Commonwealth ex rel. Hines v. Winfree,* 408 Pa. 128, 136-37, 182 A.2d 698, 703 (1962).

At trial, Stark presented evidence that the municipalities surrounding Ridley Township have significantly lower license fees—none in excess of $35 per year. However, evidence of the license fees charged by surrounding municipalities is of no relevance to the reasonableness of the Ridley Township license fee, particularly in the absence of any evidence regarding the cost of administering and enforcing the solicitation ordinances in those other municipalities.

On the other hand, Ridley Township called its Manager and the Captain of the Township Police Department who testified that the number of hours required to administer and enforce the Ridley Township ordinance includes:

(1) Clerical Staff: One-half hour processing the application;

(2) Police Department: One hour screening applicants, their business organizations, and any vehicles which applicants will use for business purposes;

(3) Police Department: One hour per week responding to and investigating complaints regarding door-to-door solicitation.

The township also introduced evidence that one hour of police service costs Ridley Township $25.57. Therefore, the township's annual cost in police enforcement time alone would be $1,329.64 (52 hours multiplied by $25.57), well in excess of the $700 total amount of such license fees collected over the year 1982.

Consequently, the license fee amount is reasonable.

Stark contends, however, that Judge DIGGINS erred in his determination of those costs by including the number of regular police hours involved in responding to and investigating complaints about door-to-door solicitations. Arguing that only the cost of "special services" rendered by a municipality should be included in calculating a license fee, Stark relies on *American Baseball v. City of Philadelphia*, 312 Pa. 311, 167 A. 891 (1933), where a city ordinance required sponsors of athletic events to pay a license fee based on the public safety director's estimate of the number of police and fire personnel required to be in attendance at such events. In upholding the ordinance, the court noted that the Philadelphia ordinance dealt with private enterprises requiring extraordinary use of municipal facilities and police services to operate successfully and safely; however, the court did not limit the validity of license fees to reimbursement for such "special services".

Stark also relies on *Olan Mills, Inc. v. City of Sharon*, 371 Pa. 609, 92 A.2d 222 (1952), where the Supreme Court invalidated a $200 monthly license for all transient retailers, and stated:

[The ordinance] does more than license; it collects revenue which is not used or needed in the enforcement of the ordinance, for the record shows that the enforcement of the ordinance imposes no unusual extra expense on the city.

*Id.* at 612, 92 A.2d at 223. However, the court invalidated that license fee because it improperly included the cost of litigation, and indicated that a fee which is not "disproportionate to whatever expenses might be required to regulate the business in question" is permissible. *Id.* at 612, 92 A.2d at 224.

Furthermore, this court has previously upheld ordinances imposing license fees which, as here, are commensurate with the costs of administration and enforcement, including general enforcement duties, rather than restricting reimbursement to costs for "special services". *See e.g. Greenacres Apartments v. Bristol Township,* 85 Pa. Commonwealth Ct. 572, 482 A.2d 1356 (1984) (annual $5 inspection and registration fee for each rental unit valid where cost of supervising the regulatory scheme included wages for two full-time and three part-time inspectors in addition to administrative costs, although each unit was not actually inspected annually); *Phillips v. Borough of Folcroft,* 44 Pa. Commonwealth Ct. 83, 403 A.2d 194 (1979) ($150 annual license fee for mechanical amusement devices held valid where evidence established that police made regular evening visits to amusement centers); *Cox v. Township of New Sewickley,* 4 Pa. Commonwealth Ct. 28, 284 A.2d 829 (1971) ($200 annual license for junkyard operation held valid where ordinance required chief of police to inspect premises regularly and provide written reports to township board of supervisors).

We conclude that Judge Diggins did not err in including the costs of general police enforcement in his calculation of the costs of administering and enforcing the Ridley Township solicitation ordinance, and that, therefore, Ms. Stark did not sustain the burden of establishing that the license fee is unreasonable.

Accordingly, we affirm.

ORDER

Now, June 12, 1985, the order of the Court of Common Pleas of Delaware County at No. SA348-82, dated July 18, 1983 is affirmed.