553 A.2d 518

Thomas Talley, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued December 15, 1988, before Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Frank J. Marcone,* for appellant.

*Kyle A. Burch,* for appellee.

OPINION BY SENIOR JUDGE NARICK, February 2, 1989:

Thomas Talley (Appellant) seeks review of an order of the Court of Common Pleas of Delaware County denying his motion in arrest of judgment. For the reasons set forth below, we reverse.

Appellant is the owner and operator of an automotive repair shop in the Borough of Trainer (Borough). The Borough adopted an ordinance which imposed on individuals operating motor vehicle-related businesses a $100.00 yearly license fee.[1] Appellant was issued a citation by the Borough for failure to obtain this license and was subsequently found guilty before a District Justice of the Peace for the summary offense of failure to obtain a license. Appellant appealed and after a trial de novo was found guilty. Appellant thereafter filed a motion in arrest

---

[1] Initially the ordinance imposed a $500.00 yearly fee. However, the ordinance was subsequently amended to reduce the license fee to $100.00 per year. The ordinance applied to all motor vehicle-related businesses except for junk dealers and motor vehicle sales businesses which were regulated by other Borough ordinances.

of judgment but his motion was denied. Appellant now appeals to this Court.

Appellant's argument before this Court as well as the trial court is that the ordinance is invalid because the amount of the license fee is not based upon the cost to the Borough for services provided to those made subject to the ordinance; and therefore, the license fee does nothing more than raise revenue for general governmental purposes.

A license fee has been defined by our Supreme Court in *Mastrangelo v. Buckley,* 433 Pa. 352, 385-86, 250 A.2d 447, 464 (1969):

> A license fee is a sum assessed for the granting of a privilege. In most instances, where a license is granted the City invariably incurs expense such as the cost of registration and inspection; it is only proper that one who seeks and receives a license should bear this expense. To defray the cost of a license a fee is charged to the licensee; however, this fee must be commensurate with the expense incurred by the City in connection with the issuance and supervision of the license or privilege. (Footnote omitted.)

A license fee is distinguishable from a tax which is a revenue producing measure characterized by the production of a high proportion of income relative to the costs of collection and supervision. *Greenacres Apartments, Inc. v. Bristol Township,* 85 Pa. Commonwealth Ct. 572, 482 A.2d 1356 (1984). Thus, if a license fee collects more than an amount commensurate with the expense of administering the license, it would become a tax revenue and cease to be a valid license fee. *See Stark v. Commonwealth,* 90 Pa. Commonwealth Ct. 80, 494 A.2d 44 (1985).

The party challenging a license fee has the burden of proving that the fee is unreasonable. *Hill v. Borough of*

*Dormont,* 90 Pa. Commonwealth Ct. 10, 494 A.2d 15 (1985); *Stark.* All doubt must be resolved in favor of the reasonableness of the fee, since the municipality must be given reasonable latitude in anticipating the expense of enforcing the ordinance. *Hill; Stark.*

At the hearing before the trial court, Borough Councilman John R. Cole testified that the Borough council believed there was a need to enact the ordinance in question because the Borough had lost considerable revenues and it was apparent revenues had to be increased. The license fee was placed upon the operators of motor vehicle-related businesses because numerous complaints were received from the citizenry about the way these businesses were conducted, and Borough police were required to respond to these complaints and take action to correct ordinance violations. James Magaw, a patrolman for the Borough for eleven years, testified that during his time as a policeman he had occasion to visit motor vehicle-related businesses due to complaints of possible ordinance violations and that ordinance violations (parking, grass and weed, junk vehicles and fire safety violations) had occurred with respect to certain motor vehicle-related businesses. However, as to when these complaints occurred, the frequency of the complaints, the number of actual ordinance violations and the actual expenses incurred by the Borough in regulating these businesses no evidence was presented.

We do not believe the testimony of Councilman Cole and Officer Magaw can support the trial court's finding of a valid license fee. Firstly, the fact that complaints have been received does not necessarily mean that an ordinance violation has occurred. Secondly, the fact that ordinance violations did occur without evidence as to when these violations occurred, the number of violations that occurred or the expenses incurred by the Borough in

enforcing its ordinance cannot support the trial court's conclusions of a valid license fee.[2]

The trial court in finding the license fee valid relied on *American Baseball Club of Philadelphia v. Philadelphia*, 312 Pa. 311, 167 A. 891 (1933), *appeal dismissed* 290 U.S. 595 (1933). However, that case is clearly distinguishable. In *American Baseball*, the owner of Shibe Park in Philadelphia (a stadium accommodating 30,000 people) was challenging the validity of a license fee based upon a reasonable estimate of the number of policemen or firemen necessary to protect the public safety for each scheduled athletic contest or exhibition. The fee charged was $5.50 per man (policeman or fireman) per day required to work at the scheduled events. In upholding the validity of the fee, our Supreme Court opined that because the extraordinary use of municipal facilities (*i.e.* police supervision was required at ticket windows and entrances, for traffic control, and for protection of licensee's property and business) the municipality could assess a reasonable charge to cover its actual expense in providing such special services. Thus, license fees may be charged by municipalities in order to recoup the expenses incurred for "special" or unusual services provided as opposed to services otherwise furnished or required. *See American Baseball; McKee v. Upper Darby Township*, 33 D. & C. 3d 222 (1982), *aff'd* 88 Pa. Commonwealth Ct. 375, 488 A.2d 1216 (1985). In *American Baseball*, the evidence clearly established that the licensee's business imposed a burden on the municipality

---

[2] The Borough asserts in its brief that some of the costs incurred by the Borough with respect to enforcement of the ordinance in question are costs of litigation including an on-site inspection of Appellant's property several years ago by the trial judge. Such costs of litigation cannot be considered in determining the reasonableness of a license fee. *See Olan Mills, Inc. v. Sharon*, 371 Pa. 609, 92 A.2d 222 (1952).

to provide special services in order to secure the protection and safety of the public. In the case at bar, no evidence has been presented to establish that Appellant's business imposed on the Borough a special burden from which it had a right to be relieved.

This Court has previously held that ordinances imposing license fees will be upheld where the fees assessed are commensurate with the cost of administration and enforcement. However, in those cases evidence was presented as to the "special" services provided or as to the cost incurred by the municipality in providing these "special" services. *See Commonwealth ex rel. Hines v. Winfree*, 408 Pa. 128, 182 A.2d 698 (1962) (license required to operate sound truck or loud speaker in public place valid where evidence established that when permits were issued constant policing was required and policemen were required to leave their regular duties and that cost incurred by City was actually more than the cost of the license); *Hill* (annual license fee for video games was proper where evidence established that places in borough maintaining video games were visited regularly by police and that the cost in providing these services was commensurate to the cost of the license); *Stark* (license required for door-to-door sale of goods was valid where evidence established the number of hours required for administration and enforcement of this ordinance); *Green Acres* (annual $5.00 inspection and registration fee for each rental unit valid where cost of supervising the regulatory scheme included wages for two full-time and three part-time inspectors in addition to administrative costs, although each unit was not actually inspected annually); *Phillips v. Borough of Folcroft*, 44 Pa. Commonwealth Ct. 83, 403 A.2d 194 (1979) ($150.00 yearly license fee for mechanical amusement devices held valid where the evidence established that special police attention was in fact paid to these enterprises); *Cox v.*

*New Sewickley Township,* 4 Pa. Commonwealth Ct. 28, 284 A.2d 829 (1971) ($200.00 annual license fee for junk-yard operation was valid where ordinance required chief of police to regularly inspect premises and to provide written reports to the township's board of supervisors). *But see Olan Mills* (a $200.00 monthly license fee for transient retailers invalidated because the license fee in effect collected revenue which was not used or needed in the enforcement of the ordinance).

In the matter herein, because we find no evidence of record to establish that any special services were provided by the Borough to those in motor vehicle-related businesses, we must conclude that the ordinance herein assessing the annual $100.00 license fee against said business operators is invalid.

Therefore, the order of the Court of Common Pleas of Delaware County is hereby reversed.

ORDER

AND NOW, this 2nd day of February, 1989, the order of the Court of Common Pleas of Delaware County is hereby reversed.