**MARTIN MEDIA, a California Corporation, Appellant,**

v.

**HEMPFIELD TOWNSHIP ZONING HEARING BOARD and Hempfield Township.**

Commonwealth Court of Pennsylvania.

Argued Nov. 3, 1994.

Decided Dec. 19, 1994.

Dwight D. Ferguson, for appellant.

Daniel J. Hewitt, for appellee, intervenor.

Before DOYLE and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Martin Media (Appellant) appeals an order of the Court of Common Pleas of Westmoreland County (trial court) that dismissed its appeal from a decision of the Hempfield Township Zoning Hearing Board (Board) which denied its challenge to the validity of Hempfield Township Zoning Ordinance No. 91–20 (Ordinance).

deed, by portions of the Commission's decision, it is clear that the Commission's decision should be affirmed.

On October 21, 1991, Hempfield Township (Township) enacted the Ordinance to regulate the placement of signs within its boundaries. Section 87–107–B of the Ordinance imposes an annual fee of one hundred dollars ($100.00) for billboard signs located within the Township.[1] Appellant paid the fee for each of the sixty-two (62) billboards it owned within the Township. Thereafter, Appellant filed a notice of appeal with the Board on April 16, 1992, asserting that the $100.00 fee established by the Ordinance is "unreasonable, arbitrary, capricious, confiscatory and grossly excessive, and bears no reasonable relationship to the costs of the Defendant (Township) of regulating and enforcing the Ordinance." (Paragraph 5 of Exhibit A attached to Notice of Appeal to Board.)[2]

The Township presented testimony from its Zoning Officer and its Ordinance/Clerical Director demonstrating how it arrived at the $100.00 annual fee which is set forth in Appellant's Exhibit A. The method for arriving at the fee was the result of inspections of all one-hundred fifty-eight (158) billboard signs within the Township which required three-hundred sixteen (316) man hours plus paper work for a report on each sign which in total yielded an actual cost of administration of $105.86 per sign. Appellant offered testimony with regard to its own inspections made on a regular basis of the sixty-two (62) billboards it owned within the Township. Appellant also offered some testimony as to a portion of the costs involved in administering the Ordinance with the estimated time for the inspection and the writing of the report totaling approximately fifteen (15) minutes.

■ The Board determined that Appellant's testimony in this regard was in conflict with the Township's testimony as to the amount of time involved in administering the Ordinance. The Board stated "[t]his conflict concerning the issue or question of the amount of time involved was resolved by the Board in favor of the factual data and evidence submitted by the Township." (R.R. 110a.) The Board then concluded that the Ordinance, as it relates to the annual fee for billboards, is valid and that the $100.00 fee is reasonably related to the actual costs incurred by the Township in this regard. In so doing, the Board determined that the Appellant failed to satisfy its burden of proof[3] and dismissed its appeal.

Appellant filed an appeal with the trial court asserting that the decision of the Board in upholding the validity of the Ordinance was arbitrary, capricious, improper, contrary to law, and an abuse of discretion and further asserting that the essential findings of the Board are not supported by the evidence of record. (R.R. 136a–138a.) The trial court, without taking any additional evidence, after consideration of the briefs and oral argument, filed the following opinion:

Martin Media, a corporation which sells outdoor advertising, has filed an appeal from the decision of the Hempfield Township Zoning Hearing Board upholding the township's billboard licensing fee of $100 per annum. Upon review of the record of the proceedings before the board, *I find that the evidence presented supports the fee for the year challenged, which was the first year of the ordinance, and the appeal will be dismissed.*

Martin Media's challenge to the ordinance arises out of its claim that the $100 charge for each billboard by the township is excessive and is not commensurate with the cost to the township for administering

---

1. Section 87–107–B of the Ordinance provides as follows:

   Annual Fee for Billboard Signs

   In order for a billboard sign permitted by this ordinance or already built to continue to be a lawful use, the owner or lessee of such sign shall pay annually to Hempfield Township a fee of $100.00 on or before February 1 of each calendar year and default of such payment shall be considered a violation of this ordinance and such sign may be removed as provided for in Section 87–107–C herein. (R.R. 129a.)

2. Appellant's assertion in this regard challenges the constitutionality of the Ordinance. *See Bilbar Construction Co. v. Board of Adjustment of Easttown Township,* 393 Pa. 62, 141 A.2d 851 (1958).

3. The party challenging the validity of the fee has the burden of proving that the fee is unreasonable and all doubt must be resolved in favor of the reasonableness of the fee. *Talley v. Commonwealth,* 123 Pa.Commonwealth Ct. 313, 553 A.2d 518 (1989).

the ordinance. A license fee is a sum assessed for a privilege, and to be valid the fee must be proportionate to the cost of administering the licensing ordinance. If the fee exceeds the reasonable cost of administration, it becomes an illegal tax which the law will not allow. *Talley v. Commonwealth,* 123 Pa.Cmwlth. 313, 553 A.2d 518 (1989).

In response to Martin Media's challenge, the township presented testimony and evidence of what the implementation of the ordinance involved and the costs incurred. These costs included an estimate of the man hours the ordinance officer spent in both locating and inspecting the signs, along with out-of-pocket expenses such as vehicle operation costs, telephone calls, office supplies and the cost of advertising the ordinance. The township also included the fair rental value of that portion of the municipal building used to administer the ordinance; and, according to the evidence presented, when these costs are divided by the number of billboards the cost per sign substantially exceeds the $100 fee.

The party challenging a license fee has the burden of proving that the fee is unreasonable. *Id.* I conclude that the evidence presented supports the fee, but this does not mean that the methods used are to the court's complete satisfaction. In fact, the fee is acceptable for the year in question because the township incurred expenses that should be unique to the first year of the ordinance, but which would be suspect if they were factors in future years. For example, the ordinance officer testified that a considerable amount of time was spent finding and identifying the billboards and determining on whose land they were located, a job which need not be repeated in subsequent years.

The township also claimed that it had the right to include the fair rental value of the space in the municipal building used to administer the ordinance. However, *Talley v. Commonwealth,* supra, permits a licensing fee to be based only upon actual

expenses. Since the costs of the municipal building were fixed and existing prior to the ordinance, their inclusion as a part of administering the ordinance is highly questionable. But, even without this expense *the record would justify the current fee for the initial year of the ordinance. This opinion does not address whether the continuation of the $100 fee in the future will be reasonable.* (Emphasis added.)

The trial court then entered the following order:

> AND NOW, this 16th day of March, 1994, the appeal by Martin Media from the Hempfield Township Hearing Board's decision upholding the validity of Hempfield Township Ordinance No. 91–20 is dismissed.

■ On appeal to this Court,[4] Appellant raises five issues in the "Statement of Questions Involved" portion of its brief. Issues Nos. 1 and 2 are substantially similar and assert that the trial court committed error in deciding that the Ordinance was valid for its first year rather than determining that the Ordinance was invalid as enacted. Issues Nos. 3, 4, and 5, in summary, all challenge the presence of substantial evidence to support the Board's findings and conclusions as to the reasonableness of the fee.

■ We begin by noting that the question of whether the Ordinance imposing the fee was for one year in duration or in perpetuity was not raised before the trial court by any of the parties. Nonetheless, the trial court, in its opinion, affirms the fee of $100.00 but only for the initial year of the Ordinance. Our Supreme Court in *School District of Robinson Township v. Houghton,* stated that "[o]rderly judicial procedure requires that nothing more be passed upon by a court than the justiciable question posed for its decision." 387 Pa. 236, 240, 128 A.2d 58, 60 (1956). The trial court is required in its opinion and order to render a definitive determination of the questions posed for its review. Black's Law Dictionary 1092 (6th

---

4. Where, as here, the trial court receives no additional evidence on an appeal of a decision by a zoning board, our scope of review is limited to a determination of whether the board abused its

discretion or committed an error of law. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983).

ed. 1990) defines an opinion as "[t]he statement by a judge or court of the decision in regard to a *cause tried and argued before them,* expounding the law as applied to the case, and detailing the reasons upon which the judgment is based." (Emphasis added.)

The order of the trial court in dismissing the appeal of the Appellant is not a judgement of the justiciable question posed for the trial court by the Appellant's appeal of the Board's decision. The justiciable question herein is the validity of Ordinance No. 91–20 in regards to the imposition of the $100.00 fee which was enacted in perpetuity. Neither the trial court's opinion or order addresses that question.

In addition thereto, by determining that the fee is valid only in the first year of its enactment, the trial court exceeded its authority by modifying the Ordinance. Section 601 of the Pennsylvania Municipalities Planning Code (MPC) [5] expressly reserves to the governing body of each municipality, the authority to enact, amend, and repeal zoning ordinances. Section 87–107–B of the Ordinance is, on its face, enacted in perpetuity requiring the owner or lessee to pay the fee of $100.00 per sign on an annual basis. The trial court in deciding that the annual fee is only valid for one year in effect amended the Ordinance thereby usurping the authority delegated to the governing body by the MPC.

Since the trial court did not properly perform its decision making function and exceeded its authority in modifying the Ordinance, we will vacate the order, strike the opinion of the trial court, and remand the matter to the trial court for a determination of the issues presented to it by the Appellant in its appeal from the order of the Board.

### ORDER

AND NOW, this 19th day of December, 1994, the order of the Court of Common Pleas of Westmoreland County is vacated and its opinion is stricken and this matter is remanded to such court for a determination consistent with this opinion.

Jurisdiction relinquished.

5. Act of July 31, 1968, P.L. 805, *as amended,* 53   P.S. § 10601.