**M & D PROPERTIES, INC., a Corporation, Appellant**

**v.**

**The BOROUGH OF PORT VUE, a municipal corporation.**

Commonwealth Court of Pennsylvania.

Argued Jan. 31, 2006.
Decided Feb. 28, 2006.

Samuel J. Pasquarelli, Pittsburgh, for appellant.

Patricia L. McGrail, White Oak, for appellee.

BEFORE: SMITH–RIBNER, Judge, COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge LEAVITT.

Appellant, M & D Properties, Inc. (M & D), appeals from a judgment entered on July 26, 2005, by the Court of Common Pleas of Allegheny County (trial court) on a non-jury verdict in favor of the Borough of Port Vue (Borough). At issue in this case is the reasonableness of garbage collection fees assessed by the Borough against an apartment complex owned and operated by M & D. We affirm.

The facts in this case are undisputed. The Borough's ordinance requires that all domestic refuse accumulated upon any property within the Borough be collected and removed by the Borough or an approved independent contractor. BOROUGH OF PORT VUE, PA., ORDINANCE ch. 20, part 1, § 101 (1949) (ORDINANCE); Reproduced Record at 33a (R.R. ——). Since 1991, the Borough has contracted with a private garbage hauler to perform that function. The Borough selects its garbage hauler by publicly advertising the terms, conditions and contract specifications and selecting the lowest bid from among those submitted by interested service providers. At all times relevant to the instant action, the fee charged by the Borough to owners of real estate for the collection of garbage was $105 per family unit, per year. This charge is levied per family regardless of whether they reside in a single family home, a multi-family home or an apartment building.[1]

M & D owns and operates the Westwood Apartments, an apartment complex located in the Borough consisting of nine separate buildings and 72 single-family units. The residents of the Westwood Apartments are responsible for depositing their trash into one of three dumpsters located within the complex. Pursuant to its contract with the Borough, the Borough's garbage hauler collects the refuse from the dumpsters two times per week.[2] In accordance with Section 107.1.B of the Ordinance, the Borough levied, and M & D paid, the annual trash collection fee of $105 for each of the 72 units in the Westwood complex.

M & D filed a civil action complaint in 1993 raising various constitutional chal-

---

1. Section 107 of the Ordinance ("Service Fees") provides:

    1. *Residential Premises.* The residences of the Borough are hereby divided into fair and reasonable types according to their structure and use for the purpose of garbage, rubbish and trash accumulation. The owner and/or tenant of each residential dwelling situate within the Borough, including, but not limited to, apartment buildings and individual units in apartment buildings situate within the Borough, shall use the garbage, rubbish and trash disposal service as provided by the Borough and shall pay service fees as hereinafter provided for the use of such collection and disposal facilities:

    A. For one (1), two (2) or multiple family dwellings, the service fee shall be one hundred dollars ($100.00) per year, per family.
    B. For apartment buildings, the service fee shall be one hundred dollars ($100.00) per year, per unit.
    ORDINANCE § 107; R.R. 34a. Although the Ordinance currently prescribes an annual fee of $100 per unit, the parties have stipulated that the fee was $105 per year, per unit at all times relevant to this litigation. R.R. 28a.

2. By contrast, garbage is collected from single and multi-family dwellings within the Borough once per week, from individual curbside containers.

lenges to the Ordinance and alleging that the Borough's annual trash collection fee for 1991, 1992 and 1993 was "arbitrary, irrational, unreasonable, confiscatory, and not related to the Borough's incurred costs of collection of trash." R.R. 8a. In support of its claim, M & D offered bids it obtained from two private trash haulers for collection of garbage at the Westwood Apartments. The lowest of the two proposals was from Blackburn Sanitation, a Waste Management Company, which quoted M & D a price equivalent to $45.83 per unit, per year for two collections per week. The second proposal, from Kelly Run Sanitation, Inc., indicated a price of $47.67 per unit, per year for the same service. M & D also alleged in its complaint that the Borough wrongfully denied M & D a discount for pre-paying the trash collection fee and certain exemptions from the fee for long-term vacancies at the Westwood Apartments. M & D requested damages on the foregoing claims.

The trial court, by Judge Joseph Jaffe, found in favor of M & D on all of its claims and entered judgment in its favor in the amount of $46,797.12. The Borough filed a motion for post-trial relief, which was granted, and the case was reassigned to Judge Cynthia Baldwin for a *de novo* non-jury trial.

Based on the stipulated facts submitted by the parties, Judge Baldwin rendered a verdict in favor of M & D on the issues of

credit for prepayment of the garbage collection fee and the vacancy exemptions.[3] Judge Baldwin found that M & D failed to sustain its burden of proof that the Borough's trash collection fee was unreasonable and, accordingly, found in favor of the Borough on that issue. M & D filed post-trial motions, which were denied, and judgment was entered on the trial court's verdict on July 26, 2005. M & D now appeals.

M & D raises two issues on appeal: (1) the trial court's verdict was not supported by the evidence and is contrary to law, and (2) the trial court erred in finding that M & D failed to sustain its burden of proving that the trash collection fee is unreasonable.[4]

M & D argues, first, that the trial court's verdict that the Borough's trash collection fee is reasonable is not supported by the evidence. M & D posits that the evidence dictates the opposite conclusion. M & D relies principally on a comparison between the Borough's fee of $105 per unit, per year and the proposals from two independent contractors to provide trash collection service to the Westwood Apartments on an annualized, per unit basis of $45.83 and $47.67. M & D contends that because the Borough's fee is more than twice that proposed by the private haulers it is unreasonable under Section 1202(11) of The Borough Code, Act of February 1, 1966, P.L. (1965) 1656, *as amended*, 53 P.S. § 46202(11).[5] M & D

---

**3.** M & D was ultimately awarded $3,280.44 for prepayment credits wrongfully withheld by the Borough, and $3,364.28 for wrongfully withheld vacancy exemptions. Amended Nonjury Verdict, July 11, 2005. Neither party has raised any challenge to these awards.

**4.** This Court's standard of review of a verdict following a non-jury trial is limited to determining whether the findings of the trial court are *supported by competent evidence* and whether the trial judge committed error in the application of law. *Stonehedge Square*

*Ltd. Partnership v. Movie Merchants, Inc.*, 454 Pa.Super. 468, 685 A.2d 1019, 1022 (1996). Additionally, findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as a verdict of a jury and will not be disturbed absent an error of law or abuse of discretion. *Id.*

**5.** Section 1202(11) of The Borough Code provides as follows:

The powers of the borough shall be vested in the corporate authorities. Among the

also contends, relying on the Borough's financial records attached to the parties' Stipulations of Fact, that the Borough realized a profit of $170,380, or 41% above its actual cost, in providing trash collection service for 1994, 1995 and 1996. M & D avers that the Westwood Apartments constitute 4% of the 1,700 dwelling units in the Borough, whereas the fees assessed against Westwood represent 7.5% of the Borough's total trash collection revenue. Based upon the foregoing arguments, M & D contends that our Supreme Court's decision in *Ridley Arms, Inc. v. Township of Ridley,* 515 Pa. 542, 531 A.2d 414 (1987), is controlling.

■ In reviewing M & D's claims, we are mindful that fees charged by a municipality for services rendered are proper if they are reasonably proportional to the costs of the regulation or the services performed. *National Properties, Inc. v. Borough of Macungie,* 141 Pa.Cmwlth. 342, 595 A.2d 742, 745 (1991). A municipality may not use its power to collect fees for a service as a means of raising revenue for other purposes. *Id.* at 745–746. The party challenging the reasonableness of a fee bears the burden of proving it is unreasonable. *Id.* at 746.

■ We address, first, M & D's principal argument that the Borough's annual fee of $105 per dwelling unit is unreasonable when compared to the fees proposed by the two private trash haulers for the same service. We agree with the trial court that the evidence submitted does not support M & D's conclusion that the fees are unreasonable. The Borough's fee covers more than just the contractual payments to its designated trash hauler. The fee also includes overhead expenses borne by the Borough for personnel, billing, collection, regulation, inspection and enforcement costs. Any assessment of the reasonableness of the Borough's $105 fee must take into account whether the fee is "reasonably proportional" to *all* of the costs associated with trash collection, not just one part of those costs. The same is true with respect to M & D's contention that the Borough realized a 41% profit above its actual cost in providing refuse collection services.[6] In short, the evidence presented by M & D failed to provide a complete financial picture, and the trial court properly found that M & D failed to sustain its burden of proving that the Borough's fee was unreasonable.[7]

specific powers of the borough shall be the following, and in the exercise of any of such powers involving the enactment of any ordinance or the making of any regulation, restriction or prohibition, the borough may provide for the enforcement thereof and may prescribe penalties for the violation thereof or for the failure to conform thereto:

\* \* \*

(11) Removal of garbage and other refuse material. To make regulations for the care and removal of garbage and other refuse material, including the imposition and collection of *reasonable fees and charges* therefor.

53 P.S. § 46202(11) (emphasis added).

6. M & D's profit analysis is based upon the Borough's stipulated garbage fund revenues for 1994, 1995 and 1996. M & D's original complaint, however, filed on March 5, 1993, averred that the collection fee was unreasonable "[f]rom January 1, 1991 through the present time." R.R. 8a. Although we reject M & D's theory for the reasons stated above, we note that there is no evidence of record regarding the Borough's revenues for 1991 to 1993, the time period placed at issue by M & D.

7. M & D also asserts that the Westwood Apartments represent 4% of the number of dwelling units in the Borough, but that the fees assessed against Westwood constitute 7.5% of the Borough's total revenue for trash collection. In arriving at those percentages, M & D presumes that there are a total of 1,700 dwelling units in the Borough. In the same section of its brief, however, M & D

M & D relies heavily on our Supreme Court's decision in *Ridley Arms, Inc.* as support for its argument that the Borough's trash collection fee is unreasonable. Specifically, M & D points to the Court's finding that the payment of approximately $58,000 to a municipality "for the performance of services which can be, and actually were provided by the private sector for approximately $23,000, less than half the amount charged by government, is not 'reasonable,' and is therefore a violation of [T]he First Class Township Code [Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §§ 55101—58502]." *Id.* at 549, 531 A.2d at 417.[8] *Ridley Arms, Inc.* is distinguishable from the instant case in two key respects. First, the Township of Ridley conceded that its actual cost per unit for collecting refuse from apartment complexes ranged from $19.99 to $30.00 during the relevant time period, whereas it charged a refuse collection fee of $70.00 per unit. *Id.* at 549 n. 6, 531 A.2d at 417 n. 6. In the present case the Borough made no such concession that it was levying a revenue-generating surcharge. Second, Ridley Arms paid a private contractor $22,929 for trash removal in addition to paying the township $58,156.67 in fees pursuant to the refuse collection ordinance. *Id.* at 546, 531 A.2d at 416. M & D did not pay a fee to the Borough for services which "actually were provided by the private sector" for half the cost. In light of these factual distinctions, we disagree with M & D's assertion that *Ridley Arms, Inc.* compels the conclusion that the Borough's trash collection fee is *per se* unreasonable.

In its second issue on appeal, M & D contends that the trial court erred in its determination that M & D failed to sustain its burden of proof. M & D submits that it met its burden once it established "through competent evidence that it was more likely than not that the Borough's fees were unreasonable." Appellant's Brief at 19. At that point, M & D argues, the burden should have shifted to the Borough to establish that its fee was reasonable.

We agree with the trial court that M & D's failure to cite any legal authority for its shifting burden analysis is fatal to its position. It is also contrary to the decisional law of this Court stating that "[t]he party challenging the reasonableness of the fee bears the burden of proving it is unreasonable." *National Properties, Inc.,* 595 A.2d at 746 (citing *Hill v. Borough of Dormont,* 90 Pa.Cmwlth. 10, 494 A.2d 15 (1985) and *Phillips v. Borough of Folcroft,* 44 Pa.Cmwlth. 83, 403 A.2d 194 (1979)). The burden does not shift to a municipality to prove that a challenged fee is reasonable; it always remains the burden of the challenger to show that the fees are unreasonable.

For the foregoing reasons, we affirm the judgment of the trial court entered on July 26, 2005.

### ***ORDER***

AND NOW, this 28th day of February, 2006, the judgment entered in the Court of Common Pleas of Allegheny County on

---

acknowledges that the total number of dwelling units in the Borough "must be in excess of 1700." Appellant's Brief at 14. We cannot overlook this obvious discrepancy in the basis for M & D's calculations. Again, we note our agreement with the trial court that M & D failed to offer competent evidence in support of its ultimate claim that the Borough's fee is unreasonable.

**8.** The operative provision of The First Class Township Code at issue in *Ridley Arms, Inc.* is essentially the same as Section 1202(11) of The Borough Code which governs the present case in that they both require "reasonable fees and charges." *See supra* note 5.

July 26, 2005, in the above-captioned matter, is hereby AFFIRMED.